```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION


TODD JEFFERY GATES,                :

     Petitioner,                   :
                                      CIVIL ACTION 12-0330-KD-M
v.                                 :
                                      CRIMINAL ACTION 10-00026-KD-M
UNITED STATES OF AMERICA,          :

     Respondent.                   :
```

REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 98) and Respondent's Motion to Dismiss (Doc. 102). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Respondent's Motion to Dismiss (Doc. 102) be granted, that Petitioner's Motion to Vacate (Doc. 98) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Todd Jeffery Gates. It is further recommended that, should

1

Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

Gates was indicted on February 24, 2010 for the following: conspiring to manufacture methamphetamine in violation of 21 U.S.C. § 846 (count one); manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1) (count two); possessing with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (counts three and seven); possessing with the intent to distribute Dimethoxy-4isopropylthiothemethylamine in violation of 21 U.S.C. § 841(a)(1) (count four); and using and carrying a firearm while committing a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (count six); the Government also sought forfeiture of six different weapons (count eight) (Doc. 1).  On June 11, 2010, Petitioner entered into a plea agreement in which he admitted that he was guilty of committing counts one and six of the indictment (Doc. 39).  Three days later, United States District Court Judge Kristi DuBose accepted the plea and found Gates guilty as charged (Doc. 43).  On March 2, 2011, Judge DuBose sentenced Petitioner to 97 months as to count one and sixty months as to count six as well as four years of supervised release on count one and three years on count six, to be served concurrently, following his release from prison, and an assessment of two hundred dollars (Doc. 96).  On March 4,

2011, Gates filed a Notice of Non-Appeal (Doc. 93). On March 29, 2011, the judgment entered against Petitioner was entered onto the docket of this action (*see* Doc. 96).

On May 14, 2012, Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in which he raised the following claims: (1) Gates did not knowingly and voluntarily enter into his plea agreement; (2) his attorney rendered ineffective assistance of counsel; and (3) the weapons charge did not apply in his case (Doc. 98). On June 19, 2012, Respondent filed a Motion to Dismiss (Doc. 102) to which Petitioner has replied (Doc. 104).

In its Motion to Dismiss (Doc. 102), Respondent has asserted that Petitioner's claims should be dismissed as his petition was not filed within the one-year statute of limitations period (Doc. 102). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28 U.S.C. § 2255. The specific provisions state as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

>maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
>\*\*\*
>
>A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>>(1) the date on which the judgment of conviction becomes final;
>>
>>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Since he did not file an appeal, Gates's conviction became final on April 12, 2011, fourteen days after the entry of judgment. Fed.R.App.P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court

4

within 14 days after [] the entry of either the judgment or the order being appealed").  Though this action was not docketed in this Court until May 14, 2012, Petitioner executed his § 2255 petition on May 1, 2012 (Doc. 98, p. 6).[1]  Under AEDPA, Petitioner should have filed this action no later than April 12, 2012.

Gates has argued that this action is timely as he "submitted his petition within the one year time frame as to when the Petitioner received notice of his final judgment" (Doc. 104, p. 1).  Petitioner also asserts that the Court's failure to consider his claims would result in a fundamental miscarriage of justice (Doc. 104, p. 2).

The Court understands Gates's assertion to be a plea for a finding that he has equitably tolled AEDPA.  Under *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), *cert. denied*, 531 U.S. 971 (2000), "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."

Petitioner has asserted that any delay in filing this

---

[1] Under the "mailbox rule," the date a prisoner delivers a § 2255 petition to prison authorities is deemed to be the date it was filed with the court.  *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

5

action is a result of his having been held in State Court for prosecution following the entry of judgment in this action (Doc. 104). He also cites the lack of legal resources during the time he was awaiting his state criminal trial. *Id.* Gates has also asserted that his tardiness was due to ineffective assistance of counsel. *Id.*

The Court finds that Petitioner has failed to prove any of the reasons asserted for his tardiness: the delayed notice to him that judgment had been entered, the State Court prosecution, the lack of resources, or the ineffectiveness of his counsel. The Court further finds that Gates has not demonstrated any extraordinary circumstances in the tardy filing of this action; likewise, there has been no showing that any miscarriage of justice will be visited upon Petitioner if this Court does not consider his claims. The Court finds that Gates has not demonstrated any basis for finding that he has equitably tolled the statute.

Therefore, it is recommended that Respondent's Motion to Dismiss be granted (Doc. 102), that this petition be denied as it is time-barred under the provisions of AEDPA (Doc. 98), that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Todd Jeffery Gates.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Gates did not file this action in a timely manner, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further.  *Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court

is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.**Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being

8

served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 31st day of August, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE