IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL NO. 10-00026-KD |
| ) | CRIMINAL NO. 10-00032-KD |
| TODD J. GATES, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on Defendant Todd J. Gates' second motion for jail credit (doc. 130).[1] Gates seeks credit for time spent in custody May 20, 2009 through March 2, 2011, when he was sentenced in this Court. Upon consideration, and for the reasons set forth herein, the motion is **DISMISSED** for lack of jurisdiction.

Although the information before the Court indicates that Gates is in the custody of the Alabama Department of Corrections, the Federal Bureau of Prisons may have calculated his federal sentence and he may have begun to serve. According to the BOP's Program Statement 5880.28, *Sentence Computation Manual*,

> [a] prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of a Federal Sentence and 18 U.S.C. § 3621 (Imprisonment of a convicted person). This type of designation is ordinarily made only upon the recommendation of the sentencing court.

---

[1] Gates' first "Motion for Mandatory Owed Jail Credit" was denied for lack of jurisdiction (docs. 111, 113). Gates alleged that the credit did not appear on his "time sheet status report" but did not state the source of the report. Since Gates was in ADOC custody, the Court interpreted his motion as one for a court order directing the ADOC to modify his "time sheet status report" to reflect the credit. The Court found that it did not have authority or jurisdiction over Gates' state sentence or the ADOC's calculation of credit against that sentence. Gates did not respond to the order, and therefore, did not explain whether the ADOC or the BOP generated the "time sheet status report." Since Gates has filed another motion requesting the same relief, the Court construes this motion as directed to the computation of his federal sentence.

PS 5880.28, Chapter I, § 3(c) Prior Custody Time Credit.

As to whether Gates was in "non-federal custody at the time of sentencing", the docket indicates that he was brought into federal custody upon a writ of habeas corpus ad prosequendum (docs. 10, 13, 40).[2] Because Gates was "borrowed" by the United States, the State of Alabama retained primary custody[3] through his sentencing. Also, the Court imposed Gates' federal sentence to "run concurrently with the state sentence in 09-2580" and stated "that the state facility be designated for service of both his federal and state sentence." (Doc. 96)[4]

The Court assumes, for purpose of this motion, that the BOP has calculated his sentence. If the BOP has done so, the relief he requests is controlled by application of 18 U.S.C. § 3585(b). As to "credit for prior custody", in relevant part, the statute states that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-- (1) as a result of the offense for which the sentence was imposed; . . . that has not been credited against another sentence." 18 U.S.C.§ 3585(b).  However,

---

[2]  The Petition states that Gates "will be retained in federal custody from initial appearance through final disposition of federal charges, and then will be returned to the custody of the detaining facility to resume the sentence currently being served." (Doc. 10)  The order granting the Petition states that the "custodian of the detaining facility and the United States Marshal … are ordered to produce" [Gates] and that he will return "to said custodian upon the conclusion of said proceedings." (Doc. 13)

[3]  *See Causey v. Civilette*, 621 F.2d 691, 693 (5th Cir.1980) ("[t]he law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary ... A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction.") (Decisions by the former Fifth Circuit decided by September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, *Ala.,* 661 F.2d 1206 (11th Cir. 1981)); *Porter v. English,* 2014 WL 1269654 (N.D. Fla. 2014) (finding that when "Petitioner was taken into federal custody on the writ of habeas corpus ad prosequendum, the State of Kentucky retained primary jurisdiction over him, because he was only 'borrowed' by the federal Government.").

[4]  Gates' federal sentence of 157 months has been reduced to 138 months after application of Amendment 782 to the United States Sentencing Guidelines, which reduced his sentence as to Counts 1 in Criminal Action 10-00026-KD (S.D. Ala. 2010) and Criminal Action 10-00032-KD (S.D. Ala. 2010), from 97 months to 78 months.  Gates remains subject to a mandatory 60 months consecutive sentence as to Count 6 in 10-00026-KD, for a term of 138 months.

"[a]uthority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." *United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010) (citing *United States v. Wilson,* 503 U.S. 329, 334, 112 S. Ct. 1351, 1355 (1992)); *United States v. Anderson*, 517 Fed. Appx. 772, 775 (11th Cir. 2013) ("The Attorney General, through the BOP, is authorized under § 3585(b) to compute sentence-credit awards after sentencing."). Also, a "federal prisoner dissatisfied with computation of his sentence, must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) (quoting *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989)). To seek judicial review, a claim for credit for time served is brought under 28 U.S.C. § 2241. *United States v. Martin*, 362 Fed Appx. 69, 70 (11th Cir. 2010) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.")

Assuming for purposes of this motion, that the BOP calculated Gates' federal sentence and failed to properly apply a jail credit, nothing before the Court indicates that Gates has exhausted his administrative remedies. Moreover, even if Gates has exhausted his administrative remedies, to the extent his motion could be construed as a petition for judicial review pursuant to 18 U.S.C. § 2241, the petition "may be brought only in the district court for the district in which the inmate is incarcerated." *Vance v. United States,* 476 Fed. Appx. 234 (11th Cir. 2012) (citing *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991)). Since an ADOC Inmate Search shows that Gates is incarcerated in Elmore County, Alabama (as did his most recent letter to the Court), the Middle District of Alabama is the district court of the district in which he is incarcerated. Therefore, this Court lacks jurisdiction to consider Gates' motion.

The Clerk of the Court is **DIRECTED** to mail a copy of this order to Gates.

**DONE** and **ORDERED** this the 29th day of February 2016.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**